19 F.3d 1428
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gordon G. BASS, Plaintiff Appellant,
v.
Robert F. HODGES, Defendant Appellee.
Gordon G. BASS, Plaintiff Appellant
v.
Alexander KILLENS, Defendant Appellee.
Gordon G. BASS, Plaintiff Appellant
v.
Hal F. ASKINS; Robert F. Hodges, Defendants Appellees.
Gordon G. BASS, Plaintiff Appellant
v.
David B. BRANTLEY, Defendant Appellee.
Gordon G. BASS, Plaintiff Appellant,
v.
James B. HUNT, Jr., Defendant Appellee.
 Nos. 94-1041, 94-1042, 94-1043, 94-1048, 94-1049.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 17, 1994.
Decided March 17, 1994.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CA-93-204, CA-93-205, CA-93-206, CA-93-202, CA-93-203)
 Gordon G. Bass, appellant pro se.
 E.D.N.C.
 AFFIRMED.
 Before RUSSELL, MURNAGHAN and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's order denying relief on his 42 U.S.C. Sec. 1983 (1988) complaints. Our review of the record and the district court's opinion discloses that these appeals are without merit. Accordingly, we affirm.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The claims against Appellees Killens, Askins, Brantley, and Hunt were appropriately dismissed on grounds of issue preclusion, because these Appellees were found to be immune from suit in an identical prior action. Bass v. North Carolina, No. 93-227-CIV-5-BO (E.D.N.C. Oct. 19, 1993) (unpublished)
 Although it appears that Appellee Hodges was not a party to the prior action and thus is not subject to issue preclusion, we nonetheless affirm the district court's dismissal of the claims against him, because no federal constitutional violation was stated. Bass asserted that Hodges, Commissioner of the North Carolina Division of Motor Vehicles (DMV), falsified his driving records and defamed him by sharing that false information with a state representative. However, the DMV conducted an administrative hearing on the question of whether Bass's driver's license should be restored in 1987. Bass had the opportunity to challenge the content of his driving record at that hearing. Pursuant to North Carolina law, he has the continued right to notice and an administrative hearing for any subsequent deprivation of his driving privileges, and may also appeal the DMV's denial of privileges to the state superior courts if revocation or suspension is not mandatory. N.C. Gen.Stat. Secs. 20-16, 20-16.2, 20-16.5, 20-25 (1993). Hence, the requirements of the Due Process Clause have been satisfied. Plumer v. Maryland, 915 F.2d 927, 931-32 (4th Cir.1990). Furthermore, to the extent Bass sought damages from Hodges in his official capacity, Hodges is not amenable to suit. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).